UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EDNA CLAYTON                                              PLAINTIFF

VS.                                CIVIL ACTION NO. 4:07CV20TSL-JCS

WAL-MART STORES, INC.                                     DEFENDANT

ORDER

This cause is before the court on the motion of plaintiff Edna Clayton to remand pursuant to 28 U.S.C. § 1447. Defendant Wal-Mart Stores, Inc. has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted.

When she filed suit in the Circuit Court of Newton County, Mississippi, alleging that she suffered injuries as a result of a slip and fall at the Wal-Mart store in Newton, plaintiff demanded damages "in an amount which will adequately compensate her for all her losses, damages and injuries sustained, past, present and future, in an amount less than $75,000." Defendant removed on the basis of diversity jurisdiction, and the question now presented by plaintiff's motion to remand is whether defendant has established that the amount in controversy exceeds the $75,000 threshold for federal diversity jurisdiction.

"[I]f a plaintiff pleads damages less than the jurisdiction[al] amount, he generally can bar a defendant from removal." Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). "Thus, in the typical diversity case, the plaintiff remains the master of his complaint." Id. However, in

recognition of the fact that "this rule may allow plaintiffs to manipulate federal jurisdiction if their pleadings do not limit the actual damages they ultimately may collect," id. at n.14, the Fifth Circuit has held that "in cases where an exact amount has been pled, if a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, removal is proper unless the plaintiff shows that at the time of removal he was legally certain not to be able to recover that amount," id. (citing De Aguilar v. Boeing Co. (De Aguilar II), 47 F.3d 1404, 1412 (5th Cir. 1995)).  In the court's opinion, defendant has not shown by a preponderance of the evidence that the amount in controversy, in fact, exceeds $75,000.  Plaintiff points out that her medical expenses to date total $1,546.58 (including a $1,000 MRI); her opening settlement demand was $20,000; and defendant's only settlement offer was $2,500. Defendant has not shown that the value of plaintiff's claim, even including her demand for damages for past, present and future pain and suffering and future medical expenses, likely exceeds $75,000. The court simply cannot conclude on the basis of this record that the amount in controversy is met.

Accordingly, it is ordered that plaintiff's motion to remand is granted.

SO ORDERED this 16th day of April, 2007.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE